UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL GRECCO PRODUCTIONS, INC.,

Plaintiff,

- against -

NUTOPIA LIMITED
1st Floor Kirkman House
12/14 Whitfield Street
London W1T2RF
United Kingdom

and

NATIONAL GEOGRAPHIC PARTNERS LLC,
1145 17th Street NW
Washington, DC 20036

Defendants.

Civ. No. 17-1321

COMPLAINT

Plaintiff Michael Grecco Productions, Inc., for its Complaint against Defendants Nutopia Limited and National Geographic Partners, LLC, alleges as follows:

NATURE OF THE CASE

1. This is an action for copyright infringement and breach of contract brought by plaintiff, the holder of the copyright in the still image described below, against all defendants for uses of plaintiff's image without authorization or permission.

PARTIES

2. Plaintiff Michael Grecco Productions, Inc. ("MGP" or "plaintiff") is a corporation organized and existing under the law of the State of California with its principal place of business located in Santa Monica, California. Plaintiff is a photography agency that owns the

copyright to images created by Michael Grecco ("Grecco"), a well-known professional photographer, and that licenses such photographs to third parties on his behalf. MGP was formerly known as Michael Grecco Photography, Inc.

3.     Plaintiff licenses photographs for use and distribution throughout the United States, including the District of Columbia.

4.     On information and belief, defendant Nutopia Limited is an entity organized and existing under the laws of a foreign nation, the United Kingdom, with a principal place of business at 1st Floor Kirkman House, 12/14 Whitfield Street, London W1T2RF.

5.     On information and belief, defendant National Geographic Partners, LLC ("NatGeo") is an entity organized and existing under the laws of the District of Columbia, with a principal place of business

## JURISDICTION AND VENUE

6.     This case arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

7.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), and § 1338 (copyright).

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and § 1400(a).

9.     This Court has personal jurisdiction over NatGeo because it has its principal place of business in the District of Columbia.

10.    This Court has personal jurisdiction over Nutopia because its activities in the state gave rise to the claims—namely, Nutopia engaged in commercial activity with defendant NatGeo in the District of Columbia, and that commercial activity led to the infringement alleged below.

## FACTUAL ALLEGATIONS

11. Plaintiff is the owner and exclusive copyright holder in the photographic image of Larry Page and Sergey Brin, founders of Google, taken in the Google offices in 2002 (the "Photograph"). The Photograph is an iconic and well-known image of the Google founders.

12. The Photograph was registered with the United States Copyright Office as Registration VAu 590-445 (effective Nov. 18, 2002), in compliance with the Copyright Act. A copy of the Certificate of Registration is attached as Exhibit A.

13. In December 2013, Nutopia contacted Grecco and asked if the Photograph could be licensed for a documentary series that Nutopia was producing for NatGeo, entitled *The 90s: The Last Great Decade*. Nutopia asked for a license "for world rights all media (excluding cinema/theatrical) but including dvd, vod, dto, internet streaming and in context promotional use." The parties agreed to a license fee of $450.

14. In January 2014, Nutopia sent Grecco a draft license agreement. The draft agreement contained the following terms:

   a. In the Commercial Terms portion of the agreement, "Licensed Rights" was defined as: "WORLDWIDE, ALL MEDIA (EXCLUDING CINEMA / THEATRICAL) FOR FIVE YEARS INCLUDING IN-CONTEXT PROMOTIONAL USE. NB: ALL MEDIA includes DVD / VOD / DTO / Internet Streaming."

   b. The Standard Terms and Conditions portion of the agreement stated: "Licensor hereby grants to Company and persons authorised by Company the non-exclusive right in perpetuity to record, copy, reproduce, broadcast, transmit and perform all or part of the Material for and/or in connection with

the production, exploitation, promotion and/or advertising of the Programme by way of the Licensed Rights.

15. Grecco revised the draft license agreement to place significant limitations on Nutopia's right to use the Photograph for promotion and advertising. Specifically, Grecco's revision stated that the Photograph could be used for promotion solely in the context of the motion picture; use of the Photograph separately, outside of the motion picture, was not permitted and would require significant additional licensing fees.

16. As revised, the Standard Terms and Conditions portion of the license agreement stated: "Licensor hereby grants to Company and persons authorised by Company the non-exclusive right in perpetuity to record, copy, reproduce, broadcast, transmit and perform all or part of the Material for and/or in connection with the production, exploitation of the Programme by way of the Licensed Rights. Exploitation of the image is to be in the context of the production only. Still cannot be used separately to promote, advertise or publicize the production without addition licensing fees paid." Nutopia agreed to the limitation.

17. Grecco signed the license agreement, as revised, on behalf of plaintiff MGP on or about February 15, 2014. A copy of the license agreement is attached as Exhibit B.

18. Plaintiff granted the limited-use license to Nutopia based on its representations that the use of the Photograph would not exceed the limitations contained in the license. Had Nutopia not agreed to the limited-use provision in the license, plaintiff's license fee would have been substantially more.

19. Nutopia used the Photograph in its *The 90s* production.

20. Defendants subsequently did in fact exceed the permitted uses under the terms of the limited-use license granted by plaintiff. Namely, defendants copied and displayed the

Photograph on a web site that promoted the documentary. *See* http://channel.nationalgeographic.com/the-90s-the-last-great-decade/galleries/the-90s-in-science-and-tech/at/google-2082988/. The use of the Photograph in this way violated the express terms of the license agreement between plaintiff and Nutopia, which stated that "[e]xploitation of the image [was] to be in the context of the production only" and that the Photograph "cannot be used separately to promote, advertise or publicize the production without addition licensing fees."

21.  Neither Nutopia nor NatGeo ever disclosed its unauthorized use of the Photograph to plaintiff or sought additional permission to use the Photograph beyond the original authorized use. But for plaintiff's fortuitous discovery of defendants' unauthorized uses, their infringement would have been concealed.

22.  Plaintiff contacted defendants concerning the unauthorized use of the Photograph beginning in September 2014.

23.  Despite being on notice of plaintiff's claim, as of the time this Complaint was filed, the Photograph remains in use and on display at http://channel.nationalgeographic.com/the-90s-the-last-great-decade/galleries/the-90s-in-science-and-tech/at/google-2082988/.

## CLAIM ONE
### For Copyright Infringement – Against All Defendants

24.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

25.  The foregoing acts of defendants constitute infringement of plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501 et seq.

26.  The infringement of plaintiff's copyright occurred in the United States when NatGeo, an entity with its principal place of business in the District of Columbia, took actions in the United States that resulted in the unauthorized still image of the Photograph being posted it to

the NatGeo web site. On information and belief, the unauthorized still image of the Photograph resides on NatGeo's servers in the United States.

27. Plaintiff suffered damages as a result of defendants' unauthorized use of the Photograph.

28. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, wanton, or in reckless disregard of plaintiff's exclusive rights under the copyright laws, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will makes its election between actual damages and statutory damages.

## CLAIM TWO
### For Vicarious and/or Contributory Copyright Infringement – Against All Defendants

29. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

30. Plaintiff is informed and believes and on that basis alleges that defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photograph.

31. Plaintiff is informed and believes and on the basis alleges that defendants, and each of them, are vicariously liable for the infringement alleged above because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

33. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, wanton, or in reckless disregard of plaintiff's exclusive rights under the copyright laws, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will makes its election between actual damages and statutory damages.

## CLAIM THREE
### For Alteration of Copyright Management Information in Violation of 17 U.S.C. § 1202 – Against All Defendants

34. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

35. The electronic file of the Photograph that plaintiff provided to Nutopia contained copyright management information ("CMI")—specifically at least metadata of plaintiff's copyright notice.

36. On information and belief, when engaging in the unauthorized copying and display of the Photograph as described above, defendants or someone working on their behalf removed or altered CMI from the Photograph without authorization of plaintiff or the law and then distributed and displayed the Photograph, with the CMI removed, without the authorization of plaintiff or the law.

37. On information and belief, defendants' removal of the CMI from the Photograph was intentional, and defendants' distribution of the Photograph was with knowledge that the CMI had been removed without authorization.

38. Defendants' action alleged above constitute a violation of 17 U.S.C. § 1202.

39. Plaintiff suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

40.     Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages of not less than $2,500 or more than $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

A.      For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photograph described in the Complaint;

B.      For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.      As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of plaintiff's copyright—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D.      For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

E.      Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of CMI or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

F.      For an award of pre-judgment interest as allowed by law;

G.      For reasonable attorney fees;

H.      For court costs, and all other amounts authorized by law;

I.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims and issues permitted by law.

Dated: July 3, 2017

                PERKOWSKI LEGAL, PC

        By:   /s/ Peter Perkowski
                Peter E. Perkowski (D.C. Bar No. 1013980)
                peter@perkowskilegal.com
                PERKOWSKI LEGAL, PC
                445 S. Figueroa St.
                Suite 3100
                Los Angeles, CA 90071
                T: (213) 426-2137

                Attorneys for Plaintiff MICHAEL GRECCO
                PRODUCTIONS, INC.

.